FILED

Artis-Ray: Cash Jr.
453 South Spring street
Suite 400 PMB 1211
Los Angeles, CA 90013
831-346-2562
artiscashjr@yahoo.com

2024 OCT -1 PM 1: 48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

Artis-Ray: Cash Jr., IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Artis-Ray: Cash Jr.,
   Plaintiff,

vs.

Credit Control, LLC,
Credit Control Holdings, INC,
   Defendant.

Case No. 2:24cv8447-PA(Ex)

**COMPLAINT** for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., **NOTICE OF RIGHTS**

## **INTRODUCTION**

1. I, Artis-Ray: Cash Jr., hereinafter referred to as "Plaintiff", brings this civil action for actual, punitive, and statutory damages and cost, against Credit Control, LLC, hereinafter referred to as "Defendant", and Credit Control Holdings, INC, hereinafter referred to as "Defendant" for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C.§ 1391(b)(2) being that the Plaintiff resides here, Defendants transacts business here, and a substantial part of the events, omissions, or conduct giving rise to Plaintiff's claim occurred in this judicial district.

4. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. § 1367.

**PARTIES**

5. Plaintiff Artis-Ray: Cash Jr. is a natural person and consumer, as defined under 15 U.S.C. § 1681a(c), residing in Los Angeles, California.

6. Upon information and belief, Credit Control, LLC is a Missouri limited liability company. Service of process for Defendant is Richard A. Saffer 3300 Rider Tri S Suite 500 Earth City, MO 63045-1311.

7. Upon information and belief, Credit Control Holdings, INC is a Missouri general business for profit. Service of process for Defendant is Richard A. Saffer 3300 Rider Tri S Suite 500 Earth City, MO 63045-1311.

8. Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

9. The acts of the Defendants as described in this Complaint were performed by the Defendants or on the Defendants' behalf by it's owners, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTS

10. On or about September 03, 2024, Plaintiff reviewed his Experian consumer report # 2059-7877-15.

11. In the report the Plaintiff observed an unauthorized inquiry from the Defendant Credit Control, LLC.

12. Defendant Credit Control, LLC unauthorized inquiry was made on 08/08/2024, see Exhibit A.

13. Plaintiff never initiated a consumer credit transaction with the Defendants nor had an account with the Defendants.

14. Plaintiff never entered into a contract with the Defendants.

15. Plaintiff never gave any consent to the Defendants to access his consumer report.

16. Plaintiff has the interest and right to be free from deceptive, misleading collection efforts.

17. Plaintiff has the interest and right to privacy from individuals including Defendants of unauthorized access of personal identifiable information in his consumer report.

## PLAINTIFF'S DAMAGES

18. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendants to Plaintiff specifically.

19. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress from the Defendants unauthorized access of his credit report.

20. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered an invasion

of his privacy. This intrusion into the Plaintiff's personal information has caused a feeling of vulnerability, worry, and anxiety, which lead to sleeplessness and headaches.

21. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered fear and anger over the invasion of his privacy.

22. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered loss of time into research and learning to fend against the Defendant's invasion of privacy.

23. Plaintiff's injury is directly traceable to Defendant's conduct because if it weren't for the Defendant's conduct, Plaintiff would not have been deprived of his rights and would not have been subject to the emotional distress, anxiety, worry and invasion of privacy caused by the Defendants actions.

24. Defendants conduct as described in this complaint was willful, with the purpose to either harm the Plaintiff or with reckless disregard for the harm to Plaintiff that could result from the Defendants conduct.

25. Plaintiff justifiably fears that, absent this court's intervention, Defendants will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect alleged debts and invade consumers privacy by continuing to access consumers information without permissible purpose.

26. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

27. A favorable decision herein would redress Plaintiff's injury with money damages.

28. A favorable decision herein would serve to deter Defendants from further similar conduct.

## COUNT 1 – VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C § 1681b(f) DEFENDANTS CREDIT CONTROL, LLC & CREDIT CONTROL HOLDINGS, INC.

29. All preceding paragraphs are realleged.

30. This action is timely and falls within the statute of limitations in accordance with 15 U.S.C. § 1681p: (1) 2 years after the date of discovery by the Plaintiff of the violation. (2) 5 years after the date on which the violation that is the basis for such liability occurs.

31. The Defendants actions violated 15 U.S.C. § 1681b(f). Permissible Purpose.

32. The Defendants violations include but are not limited to the following:

    (a) The Defendants violated 15 U.S.C. § 1681b(f) by failing to have permissible purpose to obtain Plaintiff's consumer report pursuant to 15 U.S.C. § 1681b.

    (b) The Defendants did not have a court order to obtain Plaintiff's consumer report.

    (c) Plaintiff never gave written permission for the Defendants to obtain his consumer report.

    (d) Plaintiff does not have an account, which is defined under and has the same meaning under the Electronic Funds Transfer Act 15 U.S.C. § 1693a(2), with the Defendants.

    (e) Pursuant to the Electronic Funds Transfer Act 15 U.S.C. § 1693a the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or accidental credit balance in an open end credit plan as defined in section 1602(i)1 of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

    (f) The Defendants do not have an account with the Plaintiff according to the definition above.

33. As a result of this conduct, Plaintiff suffered damage of invasion of privacy which led to anxiety, emotional distress, loss of time, fear, and loss of sleep.

34. As a result of the Defendants violations of the Fair Credit Reporting Act, the Defendants are liable under 15 U.S.C. § 1681n(a)(1)(B) for damages of $1000 per violation and 15 U.S.C. §

1681n(a)(2).

## COUNT II VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692E(10) DEFENDANT CREDIT CONTROL, LLC & CREDIT CONTROL HOLDINGS, INC.

35. All preceding paragraphs are realleged.

36. 15 U.S.C. § 1692e(10) prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

37. By pulling Plaintiff's consumer credit report without a permissible purpose, the Defendants used a false representation or deceptive means to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

38. As a result of this conduct, Plaintiff suffered damages of invasion of privacy, which led to anxiety, emotional distress, loss of time, fear, and loss of sleep.

39. As a result of the Defendants violations of the Fair Debt Collection Practices Act, the Defendants are liable under 15 U.S.C. § 1692k(a)(1) and 15 U.S.C. § 1692k(a)(2)(A) for damages of up to $1000.

40. Wherefore, Plaintiff Artis-Ray: Cash Jr., respectfully demands a jury trial and requests that judgment be entered in favor of the Plaintiff against the Defendants for:
(a) Violating the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.
(b) Damages pursuant to 15 U.S.C. § 1681n(a)(1)(B) of $1000 per violation.
(c) Damages pursuant to 15 U.S.C. § 1692k(a)(1) and 15 U.S.C. 1692k(a)(2)(A).
(d) Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2) and for such other and further relief as the court may deem just and proper.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: 10/01/2024

Artis-Ray: Cash Jr.

IN PRO PER

# NOTICE

To whomever it may concern, this document is tangible proof and evidence beyond reasonable doubt that I Artis Ray Cash Jr., am fully aware of the bill of rights, my civil rights, my constitutional rights and above all my natural rights as a Human being. I deem any and all contracts connected to me null and void. Meaning that if at any time in the past I inadvertently waived my rights, surrendered my rights, or in any way lessened my status through a contract, it would be a nullity as such would have been done without full disclosure, clean hands, good faith, and fair business practices. I am fully responsible and liable. I overstand that I am the Grantor and Beneficiary of ALL my proceedings whether they be legal, lawful, unlawful or civil. I demand that no-one presume that I am anything other than what I officially claim to be. ANY and all persons, corporations, organizations and government agencies who violate any single one of these rights are required to pay me in the USD amount of whatever I deem necessary. You are hereby bound to Inform all of your superiors and subordinates who may have future interactions with me or my person. If there is something you do not understand clearly, it is incumbent on you to summon a superior officer, special prosecutor, federal judge or other competent legal counsel to immediately explain the significance of this document as per your duties and obligations in respect to this private formal instrument. Please write to me back with any questions, comments or concerns you may have. You have 21 days to reply. Acquiesce applies. During the signing of this document I hereby testify this binding and unbreakable in the presence of God and Men.

Sincerely, *Artis Ray Cash Jr.* [signature]

Exhibit A



Who Has Viewed Your Consumer Information (Continued)

Jun 04, 2023

CONSUMER REPORT VIEWS

CREDIT CONTROL, LLC 5757 PHANTOM DR STE 330 HAZELWOOD MO 63042 (314) 442 7400 INQUIRY DATES: 08.08.24

0605899500    ARTIS R CASH  Report # 2059-7877-15 for 09/03/24