R. Paul Barkes (SBN 190553)
Email: paul.barkes@barkeslaw.com
**BARKES LAW APC**
21550 Oxnard Street, 3rd Floor
Woodland Hills, California 91367
Telephone: (818) 912-9146

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARTIS-RAY CASH JR.**, <br><br> Plaintiff, <br><br> v. <br><br> **CREDIT CONTROL, LLC, and CREDIT CONTROL HOLDINGS, INC.** <br><br> Defendants. | Case No.:  2:24-cv-08447-PA-E <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** <br><br> <u>Hearing:</u> <br> Date:         January 6, 2025 <br> Time:        1:30 p.m. <br> Courtroom: 9A <br> Judge:       Hon. Percy Anderson |

COMES NOW the Defendants, Credit Control, LLC ("Credit Control"), and Credit Control Holdings, Inc. ("Credit Control Holdings") (collectively "Defendants"), and file

1

their Memorandum in Support of Defendants' Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as follows:

## INTRODUCTION AND BACKGROUND

On November 12, 2024, Plaintiff filed the First Amended Complaint ("Amended Complaint") alleging that Credit Control obtained Plaintiff's consumer report without a permissible purpose, as required by the Fair Credit Reporting Act (the "FCRA"). Doc. 15. Specifically, Plaintiff alleges that he "reviewed his Experian consumer report" and "discovered an unauthorized inquiry by Defendant Credit Control, LLC." Doc. 15, ¶ 7. Based on these facts, Plaintiff alleges that the Defendants violated the FCRA section 1681b(f), and the Fair Debt Collection Practices Act (the "FDCPA") section 1692e(10). Doc. 1, ¶¶ 29-40. However, the plain language of FCRA section 1681b(a)(3)(A) makes clear that debt collection is a permissible purpose to obtain a consumer report under the FCRA. 15 U.S.C. § 1681b(a)(3)(A). The Amended Complaint itself alleges that Credit Control is "engaged in debt collection." Doc. 15, ¶ 5. Indeed, Credit Control obtained information from Experian for the purpose of using the information to collect a financial obligation owed by Plaintiff that was duly placed in its office for collection. Accordingly, this Court should dismiss the Complaint.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Dismissal is proper in cases "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted). "Although [the court] construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) (citation omitted).

## ARGUMENT

### I. THE AMENDED COMPLAINT IS DEVOID OF ANY FACTUAL ALLEGATIONS AGAINST CREDIT CONTROL HOLDINGS.

The Amended Complaint does not contain any factual allegations against Credit Control Holdings. This, alone, is enough to dismiss all claims against Credit Control Holdings. *See Sabacky v. OneWest Bank, N.A.,* No. CV 15-546-DDP (KK), 2015 U.S. Dist. LEXIS 55630, *10 (C.D. Cal. Apr. 27, 2015) ("The complete absence of factual allegations against [defendant] is, by itself, sufficient reason to dismiss all claims against him"); *Zamani v. Carnes,* 491 F.3d 990, 996 (9th Cir. 2007) (Dismissal is proper where there is "an absence of sufficient facts alleged to support a cognizable legal theory"); *see also*

3

*Whitus v. Countrywide Mortg., Inc.,* No. 04-6043-TC, 2004 U.S. Dist. LEXIS 19959, *11 (D. Or. Sept. 24, 2004) ("The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him"). Here, the Amended Complaint is devoid of any factual allegations against Credit Control Holdings. As such, the Amended Complaint should be dismissed in its entirety as to Credit Control Holdings.

## II. THE AMENDED COMPLAINT DOES NOT STATE A CLAIM UNDER THE FAIR CREDIT REPORTING ACT OR THE FAIR DEBT COLLECTION PRACTICES ACT.

At the heart of Plaintiff's Amended Complaint is one essential allegation – that Credit Control did not have a permissible purpose for obtaining his consumer report in violation of FCRA section 1681b(f). Doc. 1, ¶ 7. "The FCRA prohibits using or obtaining a consumer credit report without a permissible purpose." *Wise v. Experian Info. Sols., Inc.,* No. CV 23-5513-KK-RAOx, 2024 U.S. Dist. LEXIS 121448, *11-12 (C.D. Cal. June 18, 2024) (citing 15 U.S.C. § 1681b(f)). However, "requesting a credit report with the intent to collect on a debt is one of the permissible purposes under the FCRA." *Jones v. Best Serv. Co.,* 700 Fed. Appx. 580, 581 (9th Cir. 2017). "Thus, if a collection agency is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities." *Pyle v. First Nat'l Collection Bureau,* No. 1:12-cv-00288-AWI-SKO, 2012 U.S. Dist. LEXIS 160544, *9 (E.D. Cal. Nov. 8, 2012) (citations omitted).

Courts across the country have dismissed cases with identical facts to this case. Indeed, as the Western District of Pennsylvania pointed out, "courts … appear to be uniform in their agreement that a debt collector is permitted to obtain a consumer credit report for the purpose of collecting an outstanding debt." *Fritz v. Capital Mgmt. Servs., LP,* No. 2:12-cv-1725, 2013 U.S. Dist. LEXIS 123077, *9 (W.D. Pa. Aug. 29, 2013). For example, in *Jones,* the Ninth Circuit affirmed dismissal where plaintiff "failed to allege that the defendant, a debt collector, had requested his credit report for any reason other than to attempt to collect on the debt." *Jones,* 700 Fed. Appx. at 581. Likewise, this Court has previously dismissed a complaint where "[p]laintiff's own allegations indicate [d]efendants' actions … are permissible since they operate as a debt collection agency." *Rojas v. Cap. One Bank (USA) N.A.,* No. 16-CV-09045-AB (SSx), 2017 U.S. Dist. LEXIS 221926, *8-9 (C.D. Cal. Apr. 19, 2017).

As the Complaint correctly points out, Credit Control was "engaged in debt collection." Doc. 15, ¶ 5. Indeed, Credit Control is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Specifically, Credit Control is a third-party collection agency that collects debts on behalf of others, including other creditors. Here, Credit Control was retained by a creditor to collect a financial obligation owed by Plaintiff. Accordingly, Credit Control obtained information from Experian for the purpose of using the information to collect the financial obligation owed by Plaintiff that was duly placed in its office for collection.

The Amended Complaint alleges that "[t]here was no account between Plaintiff and Defendants that could be considered an 'account' under 15 U.S.C. § 1693a(2)." Doc. 15, ¶ 12. However, "[i]t is not necessary for Plaintiff to have had direct dealings with Defendant in order for the Defendant to lawfully obtain a consumer report." *Pyle,* No. 1:12-cv-00288-AWI-SKO, 2012 U.S. Dist. LEXIS 56737, *10 (citation omitted). As such, Plaintiff is not assisted by his allegation that he "never initiated any consumer credit transaction, account relationship, or contract with Defendants and never consented to their accessing his consumer report." Doc. 15, ¶ 8. "Provided Defendant obtained Plaintiff's consumer report in conjunction with its collection activities, Defendant acted within a permissible purpose under the FCRA." *Pyle,* No. 1:12-cv-00288-AWI-SKO, 2012 U.S. Dist. LEXIS 56737, *10 (citation omitted).

Here, the Amended Complaint does not contain sufficient factual allegations to suggest that Credit Control obtained Plaintiff's report for any other reason besides collection of a debt. Instead, Plaintiff merely alleges in a conclusory manner that Credit Control "lacked a permissible purpose under the FCRA." Doc. 15, ¶ 9; *see also* Doc. 15, ¶¶ 13, 21, and 26. In fact, as discussed below, Plaintiff constructively admits that Credit Control obtained Plaintiff's credit report in conjunction with its collection activities. Therefore, "because plaintiff has only provided a formulaic recitation of the elements of a claim under the FCRA, and because plaintiff's allegations seem to admit that defendant is engaging in collection activities, plaintiff has not adequately pled a claim under

the FCRA." *Laugenour v. Northland Group Inc.,* No. 2:12-cv-2995 GEB DAD PS, 2013 U.S. Dist. LEXIS 98565, *6-8 (E.D. Cal. July 15, 2013) (citation omitted).

Finally, Plaintiff's FDCPA claim must fail as it is entirely based on the alleged unauthorized accessing of his credit report. Doc. 15, ¶ 30. To establish a claim under the FDCPA, a plaintiff must show that: (1) he is a "consumer," as defined by the FDCPA; (2) the defendant is a "debt collector," as defined by the FDCPA; and (3) the defendant has committed some act or omission in violation of the FDCPA. *Laugenour v. Northland Group Inc.,* No. 2:12-cv-2995 GEB DAD PS, 2013 U.S. Dist. LEXIS 98565, *8 (E.D. Cal. July 15, 2013) (citation omitted). Accordingly, by asserting his FDCPA claim, Plaintiff constructively admits numerous times that Credit Control accessed information from Experian for debt collection purposes. Doc. 15, ¶¶ 1, 5, 30. Surely, complying with the FCRA is not the use of false representations or deceptive means, in violation of FDCPA section 1692e(10). In conclusion, this Court should dismiss the Amended Complaint in its entirety.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this Honorable Court enter judgment in its favor, dismiss Plaintiff's First Amended Complaint with prejudice, and grant such other relief as this Court deems just and proper.

////

Dated: November 26, 2024

Respectfully Submitted,

BARKES LAW APC

/s/ *R. Paul Barkes*
R. Paul Barkes (SBN 190553)

Attorneys for Defendants CREDIT CONTROL LLC and CREDIT CONTROL HOLDINGS, INC.

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, Credit Control, LLC, and Credit Control Holdings, Inc., certifies that this brief contains 1,477 words, which complies with the word limits of L.R. 11-6.1.

Dated: November 26, 2024

By: /s/ *R. Paul Barkes*
R. Paul Barkes

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 21550 Oxnard Street, 3rd Floor, Woodland Hills, CA 91367.

On November 26, 2024, I served the following document(s):

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

On the following interested parties in this action described as follows:

Artis-Ray: Cash Jr.
453 South Spring St.
Suite 400, PMB 1211
Los Angeles, CA 90013
Email: artiscashjr@yahoo.com
*Pro Se Plaintiff*

**[X]** **VIA U.S. MAIL:** By placing a true copy thereof enclosed in a sealed envelope or package by first-class mail, postage prepaid, addressed to the persons at the addresses listed above.

**[X]** **VIA ELECTRONIC-MAIL:** I caused a true copy of the documents to be sent to the persons at the electronic mail address listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on November 26, 2024, in Woodland Hills, California.

By: /s/ *R. Paul Barkes*
R. Paul Barkes