R. Paul Barkes (SBN 190553)
Email: paul.barkes@barkeslaw.com
**BARKES LAW APC**
21550 Oxnard Street, 3rd Floor
Woodland Hills, California 91367
Telephone: (818) 912-9146

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARTIS-RAY CASH JR.**, <br><br> Plaintiff, <br><br> v. <br><br> **CREDIT CONTROL, LLC**, <br><br> Defendant. | Case No.: 2:24-cv-08447-AH-E <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** <br><br> Hearing: <br> Date: June 11, 2025 <br> Time: 1:30 PM <br> Courtroom: 7D <br> Judge: Hon. Anne Hwang |

COMES NOW the Defendant, Credit Control, LLC ("Credit Control"), and files its Memorandum in Support of its Motion to Dismiss the Amended Complaint as follows:

1

2:24-cv-08447-AH-E

## INTRODUCTION AND BACKGROUND

On October 1, 2024, Plaintiff commenced this action and filed his original Complaint alleging violations of the Fair Credit Reporting Act (the "FCRA") and the Fair Debt Collection Practices Act (the "FDCPA"). (ECF No. 1.) Simultaneously with his filing of the original Complaint, Plaintiff filed a Request to Proceed In Forma Pauperis. (ECF No. 3.) Plaintiff – a serial litigant who has filed 21 actions in this Court apart from this action, including more than a dozen in the past six months – failed to disclose at least two settlements on his Request to Proceed In Forma Pauperis. Moreover, since the filing of this action, Plaintiff has repeatedly concealed these settlements to initiate numerous other suits without paying filing fees. Plaintiff's concealment of these settlements constitutes bad faith and an abuse of the in forma pauperis privilege. Pursuant to 28 U.S.C. § 1915(e)(2)(A), the appropriate remedy is dismissal of Plaintiff's Amended Complaint with prejudice.

Thus far, this case has been an endless cycle of amended complaints and motions to dismiss. *See* docket generally. Plaintiff's now fifth opportunity to draft a complaint fails, yet again, to contain sufficient allegations to support a cognizable legal theory against Credit Control. This time, however, Plaintiff's Amended Complaint is riddled with outright untruths. This comes as no surprise as Plaintiff seemingly has made a hobby of filing lawsuits against debt collectors, debt buyers, and credit bureaus in hopes of scoring a

settlement. However, allowing this case to move forward would waste this Court's valuable time and resources. Plaintiff's Amended Complaint should be dismissed with prejudice.

## STANDARD OF LAW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Dismissal is proper in cases "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted). "Although [the court] construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) (citation omitted).

## ARGUMENT

**I.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF CONCEALED TWO SETTLEMENTS FROM THE COURT**

   *a. Legal Standard*

"To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir. 1965). The in forma pauperis ("IFP") statute requires dismissal of a case "at any time if the court determines that . . . the allegation of poverty is untrue . . . ." 28 U.S.C. § 1915(e)(2)(A); *see also Roberts v. Beard,* No. 15CV1044-WQH-RBM, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019). "To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required . . . ." *Roberts,* 2019 WL 3532183, at *6 (quoting *Escobedo v. Applebees,* 787 F.3d 1226, 1235 n.8 (9th Cir. 2015)). Bad faith "'includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees . . . .'" *Roberts,* 2019 WL 3532183, at *3-4 (dismissing complaint with prejudice because the plaintiff concealed settlement proceeds) (quoting *Vann v. Comm'r of N.Y.C. Dep't of Corr.,* 496 F. App'x 113, 115 (2d Cir. 2012)). "[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Witkin v. Lee,* No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *3-4 (E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020); *see also Vann,* 496 F. App'x at 115 ("dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or

her financial assets or history in bad faith to obtain in forma pauperis status"). When determining if a plaintiff acted in bad faith, "a court may consider a plaintiff's familiarity with the in forma pauperis system and history of litigation." *Vann,* 496 F. App'x at 115. *See also Roberts,* 2019 WL 3532183, at *4.

      b. ***Plaintiff Concealed Multiple Settlements on His IFP Application***

Plaintiff is a serial filer, having filed 21 actions in this Court apart from this action. – including more than a dozen cases in just the last six months. (See Barkes Dec. ¶ 2.)[1] In all but two of these cases, Plaintiff filed an IFP application claiming poverty.[2] A review of PACER indicates that at least two of these actions resulted in settlements in the twelve (12) months preceding the filing of this action on October 1, 2024. (*See id.* at ¶¶ 4, 5 Exs. A, B.) In the matter *Artis-Ray Cash v. Experian*, Case No. 2:23-cv-06688, Plaintiff reached a settlement on or before February 13, 2024, a case in which he demanded $13,600,000 in

---

[1] The Court can take judicial notice of these public filings pursuant to Federal Rule of Evidence 201, which provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See also *Lee v. City of Los Angeles,* 250 F. 3d 668, 689 (9th Cir. 2001) (taking judicial notice of documents of undisputed matters of public record); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2022) (taking judicial notice of documents on file in federal or state courts).

[2] Plaintiff's first two cases were filed with the assistance of counsel, with the cases having been filed in propria persona.

damages. (*See id.* at ¶ 4, Ex. A.) On or before July 22, 2024, Plaintiff reached a settlement in the matter of *Cash v. Midland Credit Management, Inc., et al.,* Case No. 23-cv-10126, a case in which he demanded $2,000,000 in damages. (*See id.* at ¶ 5, Ex. B.)

Despite numerous filed cases and two prior settlements, Plaintiff failed to disclose any settlement proceeds in his IFP application. (ECF No. 3.) Question 2 of the IFP application asks "Have you received, within the past twelve months, any money from any of the following sources?" and lists sources of money, including a catchall provision for "[a]ny other income (other than listed above)." (*Id.*) Plaintiff checked "no" for all sources. (*Id.*) And Plaintiff declared under penalty of perjury that the responses he made were true, correct and complete. (*Id.*) Plaintiff's IFP application, thus, required Plaintiff to disclose the settlement proceeds he received in the twelve months leading up to his filing of the IFP application. However, he failed to do so. Instead, Plaintiff concealed crucial information that was necessary for the Court to make an accurate assessment of his eligibility for relief under the IFP statute.

### c. *Plaintiff's Concealment Was in Bad Faith*

This is not the first time Plaintiff has done this. Cf. Order on Request to Proceed In Forma Pauperis, *Cash v. Caesars Entertainment, Inc.,* Case No. 2:23- cv-10570-JFW-PVC (C.D. Cal. Feb. 5, 2024) (postponing ruling on Plaintiff's IFP request because of inconsistencies in the information he submitted). (Barkes Dec. ¶ 6, Ex. C.) Indeed, in *Artis-*

*Ray Cash Jr. v. Experian Information Solutions, Inc., Monterey Financial Services, LLC*, Case No. 9:25-cv-00165-JWH-ADS, this Court granted a motion to dismiss on the basis that Plaintiff deliberately concealed his prior settlement income in order to gain access to the court without prepayment of filing fees. (Barkes Dec. ¶ 6, Ex. G.) Importantly, in Plaintiff's Opposition to the Motion to Dismiss in *Artis-Ray Cash Jr. v. Experian Information Solutions, Inc., Monterey Financial Services, LLC*, Plaintiff did not dispute that he earned income through prior settlements nor that he omitted that information on numerous IFP applications that he filed in the Central District of California. (Barkes Dec. Exs. F, G.) In fact, he argued, not that such settlement payments did not exist, but that they were confidential. (Barkes Dec. Ex. F.)

Plaintiff is an experienced litigant who has filed twenty-one (21) other actions in this District. (*See* Barkes Dec. at ¶ 2.) Plaintiff filed at least seven (7) of those prior to filing this case. (*Id.*) Out of the twenty cases in which Plaintiff requested IFP status (including this case), fifteen (15) were granted and five (5) were denied. (See *id.* at ¶¶ 4-22.) In at least one case (*Cash v. Caesars Entertainment, Inc.*), this Court denied Plaintiff's IFP application, finding that Plaintiff had the ability to pay. *See* Order on Request to Proceed In Forma Pauperis, *Cash v. Caesars Entertainment, Inc.,* Case No. 2:23-cv-10570-JFW-PVC (C.D. Cal. Mar. 12, 2024). (Barkes Dec. ¶ 6, Ex. D.)

Plaintiff's extensive history of prosecuting claims, with cases filed in quick and methodical succession, demonstrates a sophisticated and calculated litigant. Plaintiff displays a pattern of familiarity with this Court's methods and procedures. His failure to disclose settlements on his Request to Proceed In Forma Pauperis constitutes bad faith. *See Roberts*, 2019 WL 3532183, at *3 (rejecting the plaintiff's claim that omission of a settlement was an oversight based on the plaintiff's extensive litigation history and familiarity with the IFP process). Therefore, Plaintiff's Complaint should be dismissed with prejudice.[3]

## II. ALTERNATIVELY, PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM

At the heart of Plaintiff's current Complaint is one essential allegation – that Credit Control accessed Plaintiff's credit report without a permissible purpose in violation of the Fair Credit Reporting Act (the "FCRA") section 1681b(f) and the California Consumer Credit Reporting Agencies Act (the "CCRAA") section 1785.11. (ECF No. 42, ¶ 1). However, it is well established that "requesting a credit report with the intent to collect on a debt is one of the permissible purposes under the FCRA." *Jones v. Best Serv. Co.,* 700 Fed. Appx. 580, 581 (9th Cir. 2017). Yet again, the Amended Complaint admits that Credit

---

[3] If the Court is not inclined to dismiss Plaintiff's Complaint, it should, at a minimum, revoke Plaintiff's in forma pauperis status.

Control was operating as a "debt collector." (ECF No. 42, ¶ 6.) This Court has previously dismissed a complaint where "[p]laintiff's own allegations indicate [d]efendants' actions … are permissible since they operate as a debt collection agency." *Rojas v. Cap. One Bank (USA) N.A.*, No. 16-CV-09045-AB (SSx), 2017 U.S. Dist. LEXIS 221926, *8-9 (C.D. Cal. Apr. 19, 2017).

Additionally, Plaintiff's Amended Complaint is riddled with untrue allegations. According to Rule 11 of the Federal Rules of Civil Procedure:

> (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> …
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

Fed. R. Civ. P. 11(b). As discussed above, Plaintiff's extensive litigation history suggests familiarity with the rules and procedures of this Federal District Court. Accordingly, he should be keenly aware that pleading factual contentions without evidentiary support violates the Federal Rules of Civil Procedure.

Here, Plaintiff alleges that Credit Control made a "hard inquiry" on Plaintiff's credit report. (ECF No. 42, ¶ 7.) However, Plaintiff's original Complaint filed in this case demonstrates that Credit Control merely viewed his credit report. (ECF No. 1, Ex. A.) In

other words, Credit Control made a "soft inquiry" on Plaintiff's report. Plaintiff cannot avoid dismissal by eliminating allegations or changing allegations that would otherwise defeat his claim. (*Lee v. Fin. Recovery Servs.,* No. 5:24-cv-00861, 2024 U.S. Dist. LEXIS 240748123077, *5 (C.D. Ca. Nov. 14, 2024, citing *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp.2d 1059, 1075 (E.D. Cal. 2011) ("The Court does not **ignore** prior allegations in determining the plausibility of current pleadings.")) As such, Plaintiff will be unable to obtain any evidentiary support for this allegation because it is simply not the truth.

Moreover, Plaintiff's most recent Complaint alleges that he "contacted Experian to dispute the inquiry and requested verification of the permissible purpose[,]" and "Experian responded that Credit Control had claimed a collection purpose but provided no account details." (ECF No. 42, ¶ 10.) Plaintiff also alleges that he "submitted a written request to Credit Control … requesting the specific debt or account underlying the inquiry." (*Id.* at ¶ 11). This is simply untrue.  Credit Control never, at any time, received any correspondence from Experian or Plaintiff that requested information from Credit Control about Plaintiff's debt. This is probably why Plaintiff's previous complaints have absolutely no mention of him contacting Experian or Credit Control about the inquiry on his report. (ECF Nos. 1, 15, 19, 24, 30, 35, 42).

Regardless, this Court has previously instructed Plaintiff that the allegation that "Defendants have failed to produce evidence of a valid debt or account involving Plaintiff … is not enough to state a claim." (ECF No. 35.) In fact, "Plaintiff is not entitled to any validation from Defendant that a debt existed." *Fritz v. Capital Mgmt. Servs., LP,* No. 2:12-cv-1725, 2013 U.S. Dist. LEXIS 123077, *16 (W.D. Pa. Aug. 29, 2013); *see also Contreras v. Portfolio Recovery Assocs.,* LLC, CV 19-06969 PA (AGRx), 2020 U.S. Dist. LEXIS 7727, *10 (C.D. Cal. Jan. 10, 2020) ("the Ninth Circuit has held that debt collectors do not have an independent duty to investigate a debt before they attempt to collect it."); *see also Herrera v. AllianceOne Receivable Mgmt.,* No. 14-cv-1844-BTM-WVG, 2016 U.S. Dist. LEXIS 168625, *15 (S.D. Cal. Dec. 5, 2016) ("debt collectors are not required to independently investigate debts referred for collection"). Thus, Credit Control was under no duty to independently investigate and validate Plaintiff's debt prior to viewing Plaintiff's credit report for the purposes of collection.

Plaintiff also states that he "has confirmed through his own records, including bank statements, credit applications, and personal financial records from 2019 to 2025, that there exists no such account, contract, default, or financial relationship involving Credit Control, LLC or any creditor they represent." (ECF. No. 42 ¶ 8). Again, "[i]t is not necessary for Plaintiff to have had direct dealings with Defendant in order for the Defendant to lawfully

obtain a consumer report." *Pyle v. First Nat'l Collection Bureau,* No. 1:12-cv-00288-AWI-SKO, 2012 U.S. Dist. LEXIS 56737, *10 (E.D. Cal. Nov. 8, 2012) (citation omitted).

As stated by the Eastern District of California:

[I]f a collection agency - which Defendant appears to be . . . - is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as it seeks to use information in connection with a transaction that the consumer initiated with the creditor.

*Id.* at *8.

Furthermore, as discussed above, Plaintiff has filed at least 21 lawsuits since 2019 against debt collectors, debt buyers, and credit bureaus related to various debts he owes. As such, it is unbelievable that Plaintiff's records would "confirm" that no accounts, contracts, defaults, or financial relationships exist involving any possible creditor that Credit Control may or may not represent. In fact, prior to filing this suit, Plaintiff sued the entity that placed his debt with Credit Control. (Barkes Dec. ¶ 8, Ex. H.) Indeed, *Artis-Ray Cash v. LVNV Funding LLC and Resurgent Capital Services, L.P.*, Case No. 2:24-cv-00474-MRA-E, involved the same debt at issue in this current case. *Id.* Additionally, exhibit B attached to Plaintiff's complaint in *Artis-Ray Cash v. LVNV Funding LLC and Resurgent Capital Services, L.P.*, Case No. 2:24-cv-00474-MRA-E, demonstrates that Resurgent provided Plaintiff with verification of the debt. *Id.* Plaintiff is well aware of the origin of this debt and the allegation that his records confirmed that there is no possible

"debt, account, or business relationship" that could exist to authorize access to his credit report seems to be a fabrication in an attempt to survive an anticipated motion to dismiss and force Credit Control to litigate a meritless case.

Ultimately, as Plaintiff correctly points out, Credit Control was operating as a debt collector. (ECF No. 42, ¶ 6.) Plaintiff's debt was placed with Credit Control by the current owner of the debt, LVNV Funding, LLC, for collection and Credit Control obtained Plaintiff's credit information from Experian for the purposes of using that information to collect on Plaintiff's debt. Plaintiff's Complaint fails to dispel the conclusion that Credit Control is a collection agency that was operating as a collection agency at the time it obtained Plaintiff's credit report. Further, Plaintiff's substantial litigation history and previous suit against the entity that placed this debt with Credit Control suggests that Credit Control obtained his report to collect a debt owed by Plaintiff. In conclusion, Plaintiff's Complaint again fails to adequately plead a claim under the FCRA or CCRAA. This Court should dismiss the Amended Complaint in its entirety with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Credit Control, LLC respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant Credit Control, LLC respectfully requests this Honorable Court enter judgment in its favor, dismiss Plaintiff's

Amended Complaint with prejudice, and grant such other relief as this Court deems just and proper.

Dated: May 14, 2025                          Respectfully Submitted,

                                             BARKES LAW APC
                                             /s/ *R. Paul Barkes*
                                             R. Paul Barkes (SBN 190553)

                                             Attorneys for Defendant CREDIT CONTROL LLC

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant, Credit Control, LLC, certifies that this brief contains 2,842 words, which complies with the word limits of L.R. 11-6.1.

Dated: May 14, 2025                             By: /s/ *R. Paul Barkes*
                                                R. Paul Barkes

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF filing system and by enclosing a true copy in a sealed envelope addressed to the following non-CM/ECF participant(s):

>Artis Ray Cash Jr.
>453 South Spring St.
>Suite 400, PMB 1211
>Los Angeles, CA 90013
>Email: artiscashjr@yahoo.com
>*Pro Se Plaintiff*

and depositing the envelope with the U.S. Postal Service with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 14, 2025 at Woodland Hills, California.

>By: /s/ *R. Paul Barkes*
>R. Paul Barkes